| | |
|---|---|
| JOSE CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>EDMUND G. BROWN, JR., *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-00410-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION PROCEED ON PLAINTIFF'S CLAIMS AGAINST DEFENDANTS M. FRANCO, R. MAGANA, J. LARA, L. MORENO, AND J. PALOMINO FOR EXCESSIVE FORCE AND FAILURE TO PROTECT UNDER THE EIGHTH AMENDMENT, AND THAT ALL OTHER CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NO. 20)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE (21) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

    Jose Chavez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action. On November 20, 2018, Plaintiff filed a complaint in the Northern District of California. (ECF No. 1). Plaintiff's action was transferred to this Court on March 29, 2019. (ECF Nos. 10 & 11).

    On October 17, 2019, the Court screened Plaintiff's complaint, (ECF No. 19), and on November 20, 2019, Plaintiff filed a first amended complaint (ECF No. 20). Plaintiff's first amended complaint is now before this Court for screening.

    The Court has screened the first amended complaint, and finds that Plaintiff states

1

cognizable claims against Defendants M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino for excessive force and failure to protect under the Eighth Amendment. The Court finds no other cognizable claims.

The Court recommends that these claims be allowed to proceed past the screening stage and that all other claims and defendants be dismissed.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, (ECF No. 15), the Court may also screen the complaint under 28 U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal

conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint ("FAC") alleges as follows:

On December 4, 2017, Plaintiff informed Correctional Officers M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino that he was going to be attacked by inmate Perez when they released to yard. Correctional Officers M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino said "if you get into another fight on my yard we are going to break your legs."

On December 4, 2017, Plaintiff was released to yard and was attacked by inmate Perez. While Plaintiff was on the ground being punched in the face by inmate Perez, Correctional Officers M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino responded to the attack by beating Plaintiff with a metal baton, breaking both of his legs, and using several cans of pepper spray.

Correctional Officers M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino stated "we are going to break your fuckin legs for fights on my yard punk."

Plaintiff names these five officers as defendants. He asserts causes of action under the First and Eighth Amendment.

## III. ANALYSIS OF PLAINTIFF'S COMPLAINT

**A. Section 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490

U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*, 697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012); *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

A plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 695 (1978).

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.

1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) (citations, internal quotation marks, and alterations omitted).

**B. Excessive Force Claim**

"In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not… use excessive physical force against prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is… whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992).

When determining whether the force was excessive, the court looks to the "extent of injury suffered by an inmate…, the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" *Hudson*, 503 U.S. at 7 (quoting *Whitley v. Albers*, 475 U.S. 312, 321 (1986)). While *de minimis* uses of physical force generally do not implicate the Eighth Amendment, significant injury need not be evident in the context of an excessive force claim, because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson*, 503

5

U.S. at 9.

Liberally construed in favor of Plaintiff, Plaintiff has alleged a claim for excessive force in violation of the Eighth Amendment against Defendants M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino based on the allegations that they beat Plaintiff with a metal baton, broke both of his legs, and used several cans of pepper spray, while they allegedly said "we are gonna break your fuckin legs for fighting on my yard punk."

**C. Failure to Protect Claim**

To establish a failure to protect claim, the prisoner must establish that prison officials were deliberately indifferent to a sufficiently serious threat to the prisoner's safety. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "'Deliberate indifference' has both subjective and objective components." *Labatad v. Corr. Corp. of Am.*, 714 F.3d 1155, 1160 (9th Cir. 2013). The prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate... safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Farmer,* 511 U.S. at 837. "Liability may follow only if a prison official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Labatad,* 714 F.3d at 1160 (quoting *Farmer,* 511 U.S. at 847).

Liberally construed in favor of Plaintiff, Plaintiff has alleged a claim for failure to protect in violation of the Eighth Amendment against Defendants M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino. Plaintiff alleged that he told these defendants he would be attacked by inmate Perez when they released to yard, to which they allegedly responded "if you get into another fight on my yard we are going to break your legs." Plaintiff also alleged that inmate Perez attacked him when they released to yard, just like Plaintiff told these defendants he would.

**D. First Amendment Claim**

Plaintiff asserts a cause of action under the First Amendment, but does not explain the basis for this claim.

A retaliation claim requires "five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and

that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted); *accord Watson v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

There do not appear to be any allegations in the complaint that would support a First Amendment claim for retaliation or any other First Amendment claim. Accordingly, the Court will recommend that Plaintiff's First Amendment claim be dismissed.

## IV. CONCLUSION AND RECOMMENDATIONS

The Court has screened the First Amended Complaint, and finds that Plaintiff states cognizable claims against Defendants M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino for excessive force and failure to protect under the Eighth Amendment. The Court also finds that Plaintiff has failed to state any other cognizable claims.

The Court does not recommend granting further leave to amend because the Court provided Plaintiff with an opportunity to amend his complaint with the benefit of the legal standards above, and Plaintiff filed his first amended complaint with the guidance of those legal standards.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This case proceed on Plaintiff's claims against Defendants M. Franco, R. Magana, J. Lara, L. Moreno, and J. Palomino for excessive force and failure to protect under the Eighth Amendment; and
2. All other claims and defendants be dismissed.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated: **March 31, 2020**　　　　　/s/ Erin P. Gross
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE